Charles R. BROWN, Plaintiff-Appellant,

v.

Robert NEUMANN, Sheriff, Palm Beach County, Florida, Ray Ruby, Deputy Sheriff, Palm Beach County, Florida, Defendants-Appellees.

Dennis W. Maynor, Plaintiff-Appellant,

v.

Robert Neumann, Sheriff, Palm Beach County, Florida, Ray Ruby, Deputy Sheriff, Palm Beach County, Florida, Defendants-Appellees.

No. 98-5722

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Sept. 14, 1999.

Appeal from the United States District Court for the Southern District of Florida. (Nos. 97-CV-8678-KLR, 97-CV-9025-KLR), Kenneth L. Ryskamp, Judge.

Before ANDERSON, Chief Judge, and BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Charles R. Brown and Dennis W. Maynor appeal the district court's grant of judgment as matter of law, *see* Fed.R.Civ.P. 50, in their 42 U.S.C. § 1983 action against the Sheriff of Palm Beach County, in his official capacity, for injuries arising out of allegedly unjustified arrests in 1994.[1] These arrests were effectuated by a Deputy Sheriff, and plaintiffs concede that the Deputy Sheriff was not carrying out the instructions of the Sheriff, that the Sheriff did not know about, ratify, or consent to the Deputy Sheriff's acts, and that there was no custom of unjustified arrests. Therefore, the district court reasoned, liability was barred

---

[1]Plaintiffs originally sued not only the Sheriff, but also Deputy Sheriff Ruby, who actually performed the complained-of arrests. The district court dismissed Ruby as a party defendant prior to trial because Ruby had been sued in his official capacity, which meant that he was duplicative and superfluous since the Sheriff was sued in his official capacity, and a suit against an government officer in his official capacity is simply a suit against the relevant governmental entity. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Plaintiffs have not appealed the dismissal of Deputy Sheriff Ruby.

under the doctrine of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which provides that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom.

We start with the proposition that a suit against a governmental official in his official capacity is deemed a suit against the entity that he represents.[2] *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). However, an entity can be held monetarily liable only through " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' " or " 'for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking body.' " *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121, 108 S.Ct. 915, 923, 99 L.Ed.2d 107 (1988) (quoting *Monell,* 436 U.S. at 690-91, 98 S.Ct. at 2036). A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior,* for constitutional injuries inflicted by its employees. *Monell,* 436 U.S. 694, 98 S.Ct. at 2037-38. Rather, as we have held, "only those officials who have *final policymaking authority* may render the municipality liable under Section 1983." *Hill v. Clifton,* 74 F.3d 1150, 1152 (11th Cir.1996) (emphasis added). "[T]he mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority. Rather, the delegation must be such that the subordinate's discretionary decisions are not constrained by official policies and are not subject to review." *Mandel v. Doe,* 888 F.2d 783, 792 (11th Cir.1989) (citing *Praprotnik,* 485 U.S. at 125-28, 108 S.Ct. at 925-26).

The district court's ruling was based on the premise that because the arrests in question were carried out by the Deputy Sheriff, with no question of any involvement or endorsement by the Sheriff, they were not

---

[2]We recognize that our decisions have not been entirely consistent on whether the relevant entity in an official-capacity suit against a sheriff in Florida is the County or the Sheriff's Department (as a unit operating autonomously from the County). *Compare Lucas v. O'Loughlin,* 831 F.2d 232, 235 (11th Cir.1987) (County), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1595, 99 L.Ed.2d 909 (1988), *with Wright v. Sheppard,* 919 F.2d 665, 674 (11th Cir.1990) (implying that the Sheriff's Department would be the relevant entity). We do not address this point because our holding today is that whatever the relevant entity was, it is not liable under *Monell.*

a matter of final policy. Indeed, we have so held in similar factual situations. *See Wright v. Sheppard,* 919 F.2d 665, 674 (11th Cir.1990) (Florida sheriff's deputy who had *de facto* responsibility for a certain community lacked the authority to make final policy as would be necessary under *Monell* to subject the sheriff's office to liability). On appeal, plaintiffs argue that the following Florida statute effectively confers final policymaking authority directly on Deputy Sheriffs for *Monell* purposes:

> Sheriffs may appoint deputies to act under them who shall have the same power as the sheriff appointing them, and for the neglect and default of whom in the execution of their office the sheriff shall be responsible.

Fla. Stat. § 30.07. Under plaintiffs' interpretation of this statute, the Deputy Sheriff is the *alter ego* of, and stands in the shoes of the Sheriff, and thus enjoys final policymaking authority to the same extent as does the Sheriff. Plaintiffs also cite *Blackburn v. Brorein,* 70 So.2d 293, 296 (Fla.1954) (en banc) (stating in dicta that a Deputy Sheriff "may do anything that his principal may do" and "is empowered to act for him in all matters in which the principal may act").

We reject plaintiffs' interpretation of Fla. Stat. § 30.07. The only reasonable interpretation of the "same power as the sheriff" language is that it does not put Deputy Sheriffs on a par with Sheriffs in terms of final policymaking authority, and that the power referred to encompasses merely those powers which the Sheriff chooses actually to delegate. Our decision in *Wright,* 919 F.2d 665, is strong support for this interpretation. Although there is no indication that Fla. Stat. § 30.07 was specifically cited to the *Wright* court, we held that a Deputy Sheriff in Highlands County, Florida did not possess final policymaking authority necessary to make Highlands County liable under *Monell,* notwithstanding that the Deputy Sheriff had *de facto* control over one area of Highlands County. *See id.* at 674. Were plaintiffs' interpretation of Fla. Stat. § 30.07 the correct one, the entire reasoning of *Wright* would be irreconcilably flawed. Moreover, it would be contrary to common sense to hold that a Deputy Sheriff's discretionary decisions in the field amount to official policy "not subject to review." *Mandel,* 888 F.2d at 792. A Deputy Sheriff is under the Sheriff in the chain of command, and must answer to the Sheriff. Finally, the dictum that plaintiffs cite from the

3

*Blackburn* case is not relevant to the *Monell* issue in any respect.

For the foregoing reasons, we AFFIRM the district court. Moreover, the district court did not err in determining that plaintiffs had never properly pleaded any state-law claims in this case, and that no state-law claims were tried by express or implied consent of the parties.

AFFIRMED.