[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10531
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01597-CV-T-26-TGW

OSCAR L. WASHINGTON, SR., individually and as
father of minor children Nicole E. Walls, Kiera L.
Washington, Oscar L. Washington, Jr. and Prince D. Washington,
RAMONA L. WASHINGTON, individually and as mother
of minor children Nicole E. Walls, Kiera L. Washington,
Oscar L. Washington, Jr. And Prince D. Washington,

Plaintiffs-Appellants,

versus

TIMOTHY BAUER, individually and in his official
capacity as Sergeant and Patrol Supervisor of the Sarasota
County Sheriff Department,
JACK RAYMO BLESSEE, individually and in his official
capacity as Sergeant and Patrol Supervisor of the Sarasota County Sheriff
Department, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 2, 2005)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

**I.**

Oscar L. Washington, Sr., ("Oscar"), and Ramona L. Washington ("Ramona"), individually and as parents of four children (collectively, "the plaintiffs"), proceeding *pro se*, appeal the district court's dismissal of the sixth amended complaint in their civil rights action, brought under 42 U.S.C. § 1983, for failure to state a claim. The plaintiffs named in their sixth amended complaint the following entities as defendants: (1) Sarasota County; (2) Sarasota County Sheriff's Department ("SCSD"); and (3) the state of Florida's Department of Children and Family Services ("DCFS"). (Id. at 1). In addition, the plaintiffs named the following defendants in their individual capacities: (1) Sheriff William Balkwill, of the SCSD; (2) SCSD Deputy Timothy Bauer; (3) SCSD Deputy Jack Raymo Blessee; (4) SCSD Deputy Tracy Ross; (5) SCSD Deputy Jeffery Harris; (6) SCSD Deputy Michael Jackson; (7) SCSD Deputy Gary Gustafson; (8) SCSD Deputy Jason Smithers; (9) SCSD Detective Louis Clemento; (10) SCSD Deputy Donald Lewis; (11) SCSD Detective Chris Iorio; (12) Governor Jeb Bush; (13) Lucy D. Hadi, the interim secretary of DCFS; (14) DCFS Suncoast Regional Director Lynn Richard; (14) DCFS Operation Program Manager Lynne Johnston;

2

(15) DCFS Supervisor Kim Allen; (16) DCFS investigator Connie Valentino; and (17) DCFS investigator George Van Salisbury. The complaint contained five labeled counts: (1) Count 1 alleged unlawful detention and search; (2) Count 2 alleged denial of equal protection rights; (3) Count 3 alleged denial of the right to family association; (4) Count 4 alleged violations of the plaintiffs' civil rights under 42 U.S.C. § 1983; and (5) Count 5 alleged negligence.

In their lengthy brief on appeal, the plaintiffs reiterate the numerous claims they raised in their complaints before the district court. The plaintiffs detail several incidents pertaining to the SCSD's and DCFS's roles in removing their children from their home, and they allege illegal behavior and constitutional violations by the various defendants. In general, the plaintiffs contend that the various defendants acted under the color of state law and violated clearly established law during these incidents. Moreover, the plaintiffs assert that the various defendants are not entitled to qualified immunity for their actions.

## II.

We review the district court's grant of a motion to dismiss *de novo*, accepting all allegations in the complaint as true. *Kyle K. v. Chapman*, 208 F.3d 940, 942 (11th Cir. 2000). A district court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove

no set of facts that would entitle him to relief. *See Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001).

## III.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Further, Federal Rule of Civil Procedure 10(b) requires that the averments of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed.R.Civ.P. 10(b). These rules, working together, require a plaintiff "to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading" and allow the court to determine which facts supported which claims and whether the plaintiff had stated any claims upon which relief can be granted. *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Although *pro se* complaints must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972), such complaints still must comply with the procedural rules governing the proper form of pleadings, *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984,

4

124 L. Ed. 2d 21 (1993). In addition, there is a heightened pleading requirement when a plaintiff brings a § 1983 complaint against officials acting in their individual capacities. *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1275-76 (11th Cir. 2001).

In order to prevail in a § 1983 civil rights action, the plaintiff must show a deprivation of a "federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Municipalities and other local government entities are included among those persons to whom § 1983 applies. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). Municipalities and other local government entities, however, may not be held liable on a respondeat superior theory; instead, it is only when the execution of its policy or custom inflicts the subject injury that the municipality or local government entity is responsible as an entity under § 1983. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A custom is a practice that is so settled and

5

permanent that it takes on the force of law. *Monell*, 436 U.S. at 690-91, 98 S. Ct. at 2036.

In regard to § 1983 suits against state agencies and state officials, in their official capacities, the Eleventh Amendment of the Federal Constitution generally prohibits such actions. *Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004), unless the state has waived immunity or Congress has abrogated it. *Gamble v. The Florida Dept. of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1512 (11th Cir. 1986). However, a claimant "may bring a § 1983 action against state officials in their official capacities, but only for prospective, injunctive relief." *Miller*, 384 F.3d at 1260.

"Qualified immunity shields government officials executing discretionary responsibilities from civil damages insofar as their conduct does not violate *clearly established statutory or constitutional rights* of which a reasonable person would have known." *Courson v. McMillian*, 939 F.2d 1479, 1486 (11th Cir. 1991) (quotation and citation omitted). "To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation and citation omitted). "To establish that the challenged actions were within the scope of his discretionary authority, a

6

defendant must show that those actions were (1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Harbert Intern., Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998). "[A] court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Id.* (citation omitted).

> Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. The Supreme Court has set forth a two-part test for the qualified immunity analysis. The threshold inquiry a court must undertake in a qualified immunity analysis is whether the plaintiff's allegations, if true, establish a constitutional violation. If a constitutional right would have been violated under the plaintiff's version of the facts, the next, sequential step is to ask whether the right was clearly established.

*Vinyard*, 311 F.3d at 1346 (citations omitted).

In the instant case, the plaintiffs' failure to submit a "short and plain statement" of their claims in the format dictated by Fed.R.Civ.P. 8(a)(2) and 10(b) makes it difficult to determine upon what authority and facts they relied. The sixth amended complaint contains a lengthy statement of facts asserting numerous instances of wrongdoing, and each labeled count details several claims against numerous defendants. The statement of the counts does not comply with Fed.R.Civ.P 10(b), as each claim founded upon a separate transaction or

7

occurrence is not detailed in a separate paragraph. Furthermore, despite the plaintiffs' filing of numerous complaints prior to the instant complaint, and the district court's warning that failure to comply might result in dismissal, the plaintiffs nevertheless failed to file a complaint that complied with Fed.R.Civ.P. 8(a)(2) and 10(b). As such, the district court did not abuse its discretion when it dismissed the complaint with prejudice for failure to follow the rules of procedure and state a claim.

Notwithstanding, even if the plaintiffs had complied with the requirements of Fed.R.Civ.P. 8(a) and 10(b), their claims must still fail. As to the plaintiffs' claims against Sarasota County and SCSD, and to the extent the plaintiffs made claims against said individual defendants from these entities, in their official capacities, the plaintiffs did not allege a practice, pattern, or custom followed or established by these defendants that resulted in injury to them, and thus these claims were properly dismissed.[1] *See Monell*, 436 U.S. at 690-91, 98 S. Ct. at 2036. To the extent the plaintiffs allege that the SCSD defendants and the DCFS defendants, in their individual capacities, violated the plaintiffs' constitutional rights, they have not met their burden to show that the defendants' actions violated

---

[1] The only difference between a § 1983 claim against an individual, in his official capacity, as an agent or employee of a municipality or local government entity and one against the municipality or local government entity itself is in name. *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999).

a clearly established law. *Courson*, 939 F.2d at 1488. Accordingly, the defendants, in their individual capacities, are entitled to qualified immunity.

Regarding the plaintiffs' claims against Governor Bush, the district court noted that, although the plaintiffs contended that Governor Bush was being sued in his individual capacity, their complaint lacked specific factual allegations as to him. The court, therefore, rightly concluded that Governor Bush was entitled to qualified immunity because the plaintiffs had failed to meet the heightened pleading standard described earlier. And, as to the plaintiffs' claims against DCFS, and to the extent the plaintiffs made claims against the DCFS individual defendants and Governor Bush, in their official capacities, the Eleventh Amendment of the Federal Constitution bars such § 1983 claims.[2] *Miller*, 384 F.3d at 1259-60. As the defendants correctly contend in their brief, the State of Florida has not waived its immunity as to § 1983 claims, nor has Congress abrogated it. Further, it does not appear that the plaintiffs made any claims for prospective, injunctive relief under § 1983 from these defendants, much less properly alleged claims under § 1983 in this regard.

---

[2] It seems the district court mistakenly believed that DCFS was a local government entity, as it held that the plaintiffs' claims against DCFS must fail because the plaintiffs did not allege a custom or policy that resulted in a violation of their clearly established constitutional or statutory rights, citing *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995). However, DCFS is a state agency, *see* Fla. Stat. § 20.19, which changes the nature of its available § 1983 defenses as explained herein. In any event, the district court's error is immaterial.

9

In sum, upon review of the record and consideration of the parties' briefs, we find no reversible error. Thus, we affirm the district court's judgment of dismissal.

**AFFIRMED.**