[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10859
Non-Argument Calendar

_____

D. C. Docket No. 06-00051-CV-J-12-HTS

RUDOLPH  LUDAWAY,

Plaintiff-
Counter-Defendant-
Appellant,

versus

CITY OF JACKSONVILLE, FLORIDA,
E.V. FOLEY,
A.M. HORNE,
W.D. JANES,
M.T. SUMMERS,

Defendants-
Counter-Claimants-
Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 30, 2007)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Rudolph Ludaway, a Florida state prisoner proceeding pro se, appeals the district court's grant of summary judgment in his 42 U.S.C. § 1983 action against the City of Jacksonville, Florida ("City") and several officers with the Jacksonville Sheriff's Office ("JSO") (collectively, the "Defendants"). For the reasons that follow, we affirm.

## I. BACKGROUND

In January 2006, Ludaway filed an amended complaint against officers Adam Horne, William Janes, Erica Foley, and M.T. Summers ("Officers"), all in their official capacities, and the City of Jacksonville, alleging that the Officers violated his Fourth Amendment rights by using excessive force during his arrest. According to the complaint, the Officers' use of excessive force was in accordance with the JSO's policy or custom, and as a result of the Officers' conduct, he suffered a lost fingernail, a lost fingertip, and bruises and scarring to his forearm, shoulder, elbow, and back. In support of his complaint, he submitted a letter that he received from the JSO's Internal Affairs Unit following an investigation into a complaint he had filed with the JSO regarding his arrest. In the letter, the Internal Affairs office stated that it could not find any proof that the Officers' actions "did

2

not adhere to the Sheriff's Office policies and procedures" and that the force used "was legal and proper."

The Defendants filed a motion to dismiss the complaint, which the district court denied. Following the Defendants' answer to the complaint and the depositions of Ludaway and the Officers, the Defendants moved for summary judgment, arguing that Ludaway's constitutional rights were not violated during the arrest because the force used was objectively reasonable under the circumstances. The Defendants also argued that even if a constitutional violation had occurred, because Ludaway named the City and the Officers in their official capacities as defendants, he was required to show that the constitutional violation occurred as a result of an official government policy or custom, and there was no evidence that the City had a policy or custom condoning the use of excessive force. In support of the summary judgment motion, the Defendants submitted a sworn declaration from JSO Undersheriff Francis Maskey, explaining that the JSO prohibited the use of excessive force and that officers found to have used such force are disciplined. The Defendants also submitted copies of the JSO's disciplinary orders and use-of-force policies.

In response to the summary judgment motion, Ludaway reiterated that the force used was not objectively reasonable, and he attached a report showing that

3

over 170 complaints of excessive force had been filed with Internal Affairs from January 2004 to December 2005. He also attached the letter he had received from Internal Affairs following the investigation into his complaint regarding the force used during his arrest.

In a written order, the district court granted summary judgment in favor of the Defendants, concluding that Ludaway had "wholly failed to identify any JSO or municipal policy which permits or promotes the unnecessary or excessive use of force by its officers toward arrestees." The court further concluded that Ludaway had failed to support his assertion that there is a widespread custom of tolerating or promoting the excessive use of force by JSO officers. Ludaway now appeals.

## II. STANDARD OF REVIEW

"We review a district court's grant of summary judgment de novo, viewing the facts—as supported by the evidence in the record—and reasonable inferences from those facts in the light most favorable to the nonmoving party." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

## III. DISCUSSION

On appeal, Ludaway argues that the district court erred in granting summary judgment to the Defendants because the Officers used unconstitutionally excessive force in arresting him pursuant to the City's policy or custom.

4

A § 1983 action "against a governmental official in his *official capacity* is deemed a suit against the entity that he represents." Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985)) (emphasis added). Because Ludaway has named the Officers as defendants in their official capacities, his complaint against the Officers is essentially a complaint against the City. Accordingly, the disposition of the complaint as to both the City and the Officers will be analyzed under the rubric of municipal liability. See id.

A municipality may be liable under § 1983 for the actions of its police officers only if the municipality is "found to have *itself* caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory." Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1145 (11th Cir. 2007). "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (internal quotation marks omitted). Thus, to establish municipal liability under § 1983, the plaintiff must show that: (1) his constitutional rights were violated, (2) the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights, and (3) the policy or custom *caused* the violation of his constitutional rights. McDowell v. Brown, 392 F.3d

5

1283, 1289 (11th Cir. 2004). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005). "A custom is a practice that is so settled and permanent that it takes on the force of law." Id.

"In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." McDowell, 392 F.3d at 1290. And "state and local positive law determine whether a particular official has final policymaker authority for § 1983 purposes." Cooper, 403 F.3d at 1221 (quotation marks omitted).

After careful review of the record, we conclude that Ludaway has failed to raise a genuine issue of material fact as to whether the Officers' alleged use of excessive force was the result of the City's policy or custom.

First, Ludaway has failed to identify any official policy that condones or promotes the use of excessive force by JSO officers in effecting arrests. The record shows that the JSO's official policies prohibit the use of excessive force by officers and that officers who violate this prohibition are disciplined. And even if we were to consider the JSO's Internal Affairs Unit as the final policymaker for § 1983 purposes, the Internal Affairs letter upon which Ludaway relies does not

6

establish the existence of a policy condoning or promoting the use of excessive force. Indeed, the letter states that the force used by the Officers in arresting Ludaway "was legal and proper."

Ludaway also has failed to establish that there is a widespread custom of using excessive force among the officers in the JSO. Ludaway states that between January 2004 and December 2005, there were over 170 complaints to the JSO alleging that its officers used excessive force. But as the district court observed, a review of the record shows that only 10 of these claims of excessive force were sustained, and the officers in those cases were disciplined or resigned while under investigation. On this record, a reasonable juror could not find that the use of excessive force among officers in the JSO was so widespread as to have acquired the force of law. See Cooper, 403 F.3d at 1221.

Because Ludaway has failed to raise a genuine issue of material fact as to whether the Officers' alleged use of excessive force was the result of the City's policy or custom, his complaint fails as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM**.