[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13222
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cv-14160-RLR

KIMBERLEY ANNE MCQUEARY,

Plaintiff-Appellant,

versus

STATE OF FLORIDA CHILD SUPPORT ENFORCEMENT,
FLORIDA DEPARTMENT OF REVENUE OFFICE OF CHILD SUPPORT
ENFORCEMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 4, 2020)

Before GRANT, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Kimberley McQueary, a citizen of Florida proceeding pro se, appeals from

the district court's dismissal with prejudice, based on a lack of subject matter

jurisdiction, of her second amended complaint. The complaint alleged that the "State of Florida -- Child Support/Child Support Enforcement" and the "Florida Department of Revenue, Child Support Program/Enforcement" violated federal laws and regulations and the Constitution by allowing over $100,000 of child support arrearages to accrue and failing to prosecute the non-custodial parent of her child for not paying the child support. On appeal, McQueary argues that: (1) the district court had federal-question subject matter jurisdiction over her claims under 28 U.S.C. § 1738B, the Child Support Recovery Act of 1992, the Deadbeat Parents Punishment Act of 1998, 18 U.S.C. § 228(a), Title 45 of the Code of Federal Regulations, and 42 U.S.C. § 1983; and (2) even if the district court lacked jurisdiction, it erred by dismissing her complaint with prejudice. After careful review, we affirm in part and vacate and remand in part for the district court to dismiss the case without prejudice.

We review a district court's legal conclusions in dismissing a complaint for lack of subject matter jurisdiction de novo and its findings of jurisdictional facts for clear error. Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016). We construe pro se pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, pro se litigants must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

When a plaintiff sues in federal court, she must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction. Travaglio v.

2

Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013). If a complaint's factual allegations "do not assure the court it has subject matter jurisdiction," then the district court is "constitutionally obligated to dismiss the action altogether." Id. at 1268-69. The party bringing the claim has the burden of establishing that the district court has federal subject matter jurisdiction over the claim. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

There are three types of federal subject matter jurisdiction: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997); see also 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction exists if the cause of action arises from the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A complaint alleging a violation of a federal statute as an element of a state cause of action does not confer jurisdiction under § 1331 unless Congress has provided for a private, federal cause of action for the violation. Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 817 (1986).

Further, even if a claim appears to invoke the federal question jurisdiction of the district court, the claim may be dismissed for lack of subject matter jurisdiction if "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such

3

a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotations and emphasis omitted). Under this second ground, "subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (quotations omitted). "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover," but rather, whether the alleged cause of action is so "patently without merit" as to justify the court's dismissal for lack of jurisdiction. McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (quotations omitted).

Both the Child Support Recovery Act of 1992 and the Deadbeat Parents Punishment Act of 1998 amended 18 U.S.C. § 228, which provides for federal penalties for "any person" who willfully fails to pay a child support obligation or travels in interstate commerce with the intent to evade the obligation. See Child Support Recovery Act of 1992, Pub. L. 102-521, § 2(a), 106 Stat. 3403 (1992); Deadbeat Parents Punishment Act of 1998, Pub. L. 105-187, § 2, 112 Stat. 618 (1998); 18 U.S.C. § 228(a). The U.S. Code guarantees full faith and credit for child support orders and provides that the appropriate authorities in every state shall enforce a child support order made by another state and not make a modification of any such order, except for as provided by the statute. 28 U.S.C. § 1738B(a).

4

The U.S. Code provides an individual with a private right of action against state actors who have deprived her of her constitutional rights. 42 U.S.C. § 1983. A municipality or other governmental entity can only be held liable under § 1983 for constitutional deprivations, however, if they result from (1) "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"; or (2) a "custom, even though such a custom has not received formal approval through the body's official decisionmaking body." Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) (quotations omitted). Further, a municipality or other governmental entity can only be liable for constitutional injuries rendered by those officials who have "final policymaking authority." Id. (quotations omitted).

Meanwhile, the Code of Federal Regulations contains a set of rules and regulations issued by federal agencies of the United States regarding public welfare. See generally 45 C.F.R. Specifically, Chapter III of Title 45 provides the regulations for the Office of Child Support Enforcement, Administration for Children and Families, and the Department of Health and Human Services. See generally id., Subt. B, Ch. III.

The Supreme Court has held that "the Government retains 'broad discretion' as to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607 (1985). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge

5

to file or bring before a grand jury, generally rests entirely in his discretion." Id. (alteration in original, quotations omitted). However, prosecutorial discretion is not "unfettered," but rather, is subject to constitutional constraints. Id. at 608 (quotations omitted). Specifically, the decision to prosecute cannot be "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." Id. (citations and quotations omitted). Claims brought on the basis of a prosecutor's charging decision are subject to ordinary equal protection standards. Id. Therefore, a petitioner bringing a constitutional claim based on a prosecutorial charging decision must show that the prosecutor's charging decision had both a discriminatory effect and a discriminatory intent. Id.

A dismissal for lack of subject matter jurisdiction is entered without prejudice because it is not a judgment on the merits. Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). If a court lacks subject matter jurisdiction, it also lacks the power to dismiss the complaint with prejudice as an adjudication on the merits. Id. at 1234-35.

Here, McQueary conceded that the district court did not have diversity jurisdiction over her claims, so the only question on appeal is whether the district court had federal-question subject matter jurisdiction. But even taking the facts in her complaint as true, McQueary did not meet her burden of establishing that the

6

district court had federal-question jurisdiction over her claims. See Travaglio, 735 F.3d at 1268; Sweet Pea Marine, Ltd., 411 F.3d at 1247. Her allegations that the defendants violated the Child Support Recovery Act of 1992, the Deadbeat Parents Punishment Act of 1998, 18 U.S.C. § 228, 28 U.S.C. § 1738B, and Title 45 of the Code of Federal Regulations did not confer the district court with federal-question jurisdiction because none of these statutes or regulations provide for a private right of action against the state of Florida or its child support enforcement agencies for failure to enforce a child support order or prosecute an individual for failing to pay a child support order. See Child Support Recovery Act of 1992, Pub. L. 102-521, § 2(a), 106 Stat. 3403 (1992); Deadbeat Parents Punishment Act of 1998, Pub. L. 105-187, § 2, 112 Stat. 618 (1998); 18 U.S.C. § 228; 28 U.S.C. § 1738B; 45 C.F.R.; Thompson, 478 U.S. at 817.

Further, McQueary's claims that the defendants violated § 1983 and her Fifth and Fourteenth Amendment rights also do not give rise to federal-question jurisdiction. To the extent she is suing the Florida child support enforcement agencies for allowing child support to accrue above $100,000, she has not presented a valid constitutional or § 1983 claim because she has not alleged that any of the agencies' policies, customs, or officials with final policymaking authorities caused the deprivation of her constitutional rights. See Brown, 188 F.3d at 1290. Nor has she presented a valid constitutional or § 1983 claim to the extent she is suing the

state of Florida for not prosecuting her child's non-custodial parent, since she has not alleged that the government's failure to prosecute had any discriminatory effect or intent. Wayte, 470 U.S. at 608. Thus, because McQueary's constitutional and § 1983 claims have no plausible foundation and are "patently without merit," the district court did not err in dismissing her complaint for lack of jurisdiction. See Sanders, 138 F.3d at 1352; McGinnis, 918 F.2d at 1494.

However, because the district court dismissed McQueary's second amended complaint for lack of subject matter jurisdiction, it lacked the power to dismiss the complaint with prejudice and should have done so without prejudice. See Stalley, 524 F.3d at 1234-35; see also DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1303 (11th Cir. 2008). Accordingly, as in Stalley and DiMaio, we affirm in part and vacate and remand in part with instructions that the district court reenter its judgment as a dismissal without prejudice. See Stalley, 524 F.3d at 1235; DiMaio, 520 F.3d at 1303.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**