United States Court of Appeals,

Eleventh Circuit.

No. 95-2867.

Heather Ann SEWELL, Plaintiff-Appellee,

v.

TOWN OF LAKE HAMILTON, Defendant-Appellant.

July 21, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-2037-CIV-T-25A), Henry Lee Adams, Jr., Judge.

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

DUBINA, Circuit Judge:

Appellant Town of Lake Hamilton ("the Town") appeals from a judgment entered on a jury verdict against it for violations of Appellee Heather Sewell's ("Sewell") constitutional rights. For the reasons that follow, we reverse.

*BACKGROUND FACTS*

At approximately 3:00 a.m. on May 13, 1991, Paul Stines ("Stines"), an officer with the Town's police department, stopped Sewell, a 22-year old female, for speeding. Stines searched Sewell's car, with her consent, and found an illegal duplicate driver's license and a bag of marijuana.[1] Stines had Sewell follow him to the police station, where they arrived at 3:30 a.m. Realizing they were alone at the station, Sewell became hysterical and believed that Stines was going to rape her. Stines issued a ticket to Sewell. Stines then offered to let her go on the drug charge if she consented to a strip search. Sewell consented to a strip search by a female officer but Stines refused. Stines persisted in his threats to "ruin her life" with the drug charge unless she submitted to a strip search by him. He also indicated that he would accept any sexual advances made by her during the strip search. Eventually, Sewell undressed and lay naked on the floor as instructed. Stines molested her but no sexual intercourse took place. Stines then permitted Sewell to dress and leave the police

---

[1]It appears, although it is not clear from the record, that Stines planted the marijuana in the car. The marijuana was found later in Stines' locker.

station. Sewell reported the incident to the State Attorney's office the next morning.

Earlier that same morning, Stines had stopped a 20-year old woman, Sharon Washington ("Washington"), at approximately 2:14 a.m. for speeding. Stines conducted an inappropriate patdown search of Washington and told her that women could offer their bodies to him to get out of a ticket. Washington refused and Stines wrote her a ticket. Washington's boyfriend reported the incident to the Haines City dispatching service at 3:11 a.m.[2] The dispatcher told Washington's boyfriend that the police chief was not on duty and instructed him to call back the next day during normal business hours. Washington reported the incident to Police Chief Freeman ("the Chief") the next day.

Sewell brought a 42 U.S.C. § 1983 action against the Town alleging violations of her Fourth, Eighth, and Fourteenth Amendment rights. The district court denied the Town's motion for summary judgment based on failure to state a claim for municipal liability. After a trial, the jury awarded Sewell $452,000 in damages. The district court denied the Town's motions for judgment as a matter of law, remittitur, and a new trial.

The Town then perfected this appeal, raising several issues. We address only one: Whether the district court erred in finding that the Town could be liable for the actions of Stines, and thus wrongly denied the Town's motions for summary judgment and for judgment as a matter of law. We review *de novo* the district court's rulings on these motions. *Daniel v. City of Tampa,* 38 F.3d 546, 549 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 2557, 132 L.Ed.2d 811 (1995).

*DISCUSSION*

A municipality may be held liable under § 1983 if the plaintiff shows that a "custom" or "policy" of the municipality was the "moving force" behind the constitutional deprivation. *Monell v. Department of Social Services of New York,* 436 U.S. 658, 690-94, 98 S.Ct. 2018, 2035-38, 56 L.Ed.2d 611 (1978). A policy is a decision that is officially adopted by the municipality, or created

---

[2]Lake Hamilton is a small town of approximately 1,000 residents. The Town employs five police officers. Because of its small size, calls to the police station are routed to the dispatcher in neighboring Haines City whenever the station is unmanned. The police station typically is unmanned at night and was unmanned on the night of May 13, 1991.

by an official of such rank that he or she could be said to be acting on behalf of the municipality. *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1479-80 (11th Cir.1991). A custom is a practice that is so settled and permanent that it takes on the force of law. *Monell,* 436 U.S. at 690-91, 98 S.Ct. at 2035-36. Obviously, the Town has no policy commanding its officers to barter arrests for sexual favors. Likewise, the Town has no custom of allowing such behavior on the part of its officers. However, municipal liability also may be based on a claim of inadequate training "where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city "policy or custom' that is actionable under § 1983." *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989). Sewell's claim is a failure to train and supervise claim.

It seems apparent to us that Sewell cannot establish deliberate indifference on the part of the Town. As the Second Circuit has held:

> It is not enough to show that a situation will arise and that taking the wrong course in that situation will result in injuries to citizens.... *City of Canton* also requires a likelihood that the failure to train or supervise will result in the officer making the wrong decision. Where the proper response ... is obvious to all without training or supervision, then the failure to train or supervise is generally not "so likely" to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise.

*Walker v. City of New York,* 974 F.2d 293, 299-300 (2nd Cir.1992), *cert. denied,* 507 U.S. 972, 113 S.Ct. 1412, 122 L.Ed.2d 784 (1993)(applying *City of Canton,* 489 U.S. at 390 n. 10, 109 S.Ct. at 1205 n. 10). We are persuaded that the Second Circuit's interpretation of *City of Canton* is correct. Applying the *Walker* reasoning to the facts of this case, we cannot say that the Town acted or failed to act in such a way as to constitute deliberate indifference.

For the foregoing reasons, we reverse the judgment entered on the jury's verdict and remand this case to the district court with directions that judgment be entered in favor of the Town and against Sewell.

REVERSED and REMANDED.[3]

---

[3]Because we have concluded that the Town cannot be held liable for the actions of Stines and have reversed the district court's judgment, we need not address the remaining issues presented

in this appeal.