[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14544
Non-Argument Calendar
_____

D. C. Docket No. 05-61612-CV-KAM

ADEM A. ALBRA,

Plaintiff-Appellant,

versus

CITY OF FORT LAUDERDALE,
GEORGE GRETSAS,
JAMES NAUGLE,
DEAN TRANTALIS,
BRUCE ROBERTS, et al., in their official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 25, 2007)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Adem A. Albra proceeds *pro se* and appeals the district court's dismissal without prejudice of his civil rights complaint against the City of Fort Lauderdale, Florida ("City"), and other city officials named in their official capacities, brought pursuant to the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 ("Rehabilitation Act"), 42 U.S.C. § 1983, and Florida state law. Albra alleged that the City police discriminated against him because of his disease, Human Immunodeficiency Virus ("HIV"), when they refused to investigate a crime of which he was a victim. Albra also alleged that when he reported the officers' refusal, various City and federal entities retaliated against him by denying him access to services.

Albra alleges the following claims: (1) negligent investigation ("Claim 1"); (2) negligent supervision and retention ("Claim 2"); (3) 42 U.S.C. § 1983, for violations of Title II of the ADA and § 504 of the Rehabilitation Act, as well as negligent training under Florida tort law ("Claim 3"); (4) retaliation under the ADA and conspiracy between the City and its employees ("Claim 4"); (5) retaliation under the Rehabilitation Act ("Claim 5"); (6) 28 U.S.C. § 1343 ("Claim 6"); and (7) FLA. STAT. § 760.50 ("Claim 7"). Albra argues that the district court erred in dismissing his complaint without prejudice for failure to state

2

a claim, pursuant to Fed. R. Civ. P. 12(b)(6), because he did state a claim under each of his causes of action.

We review "dismissals pursuant to [Fed. R. Civ. P. 12(b)(6)] *de novo*, taking all the material allegations of the complaint as true while liberally construing the complaint in favor of the plaintiff." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). The district court may only grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss where it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). Although the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim, *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quotation omitted), a court nonetheless may dismiss a complaint on a dispositive issue of law when "no construction of the factual allegations will support the cause of action," *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## I. Claims 1, 2, and 7 – State Law Claims

Although the State of Florida and its municipalities are generally immune from tort liability, Florida has waived its sovereign immunity "under circumstances in which the state or agency or subdivision, if a private person, would be liable to

3

the claimant, in accordance with the general laws" of Florida. FLA. STAT. § 768.28(1). Even if a complaint contains adequate allegations showing that a private person would be liable in tort, the sovereign immunity waiver does not apply if the challenged act of the state agent was "discretionary" rather than "operational." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). An act is "discretionary" if all of the following conditions are met:

> (1) the action involves a basic governmental policy, program, or objective; (2) the action is essential to the realization or accomplishment of that policy, program, or objective; (3) the action requires the exercise of basic policy evaluations, judgments, and expertise on the part of the governmental agency involved; and (4) the governmental agency involved possesses the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision.

*Id.* at 1264 (quotation and alterations omitted). Therefore, when Florida or its municipality is sued, we must first determine whether a duty was owed to the plaintiff such that "the circumstances alleged would subject a private person to liability under Florida law." *Id.* at 1262. If a duty is owed, we must next determine whether "the claim is nonetheless barred by the 'discretionary' act exception to the waiver of sovereign immunity." *Id.* at 1263.

"To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Id.* at 1262.

4

The Florida Supreme Court has recognized that there is no "common law duty of care owed to an individual with respect to the discretionary judgmental power granted a police officer . . . to enforce the law." *Everton v. Willard*, 468 So. 2d 936, 938 (Fla. 1985); *see also DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195, 109 S. Ct. 998, 1002-03, 103 L. Ed. 2d 249 (1989). Police officers have a duty to protect the public as a whole, but do not owe the victim of a crime any common law duty of care, absent a special duty to, or relationship with, the victim. *Lewis*, 260 F.3d at 1266. The power of a police officer to choose whether to make an arrest or enforce the law is a discretionary function. *See Everton*, 468 So. 2d at 938.

To state a cause of action for negligent supervision or negligent retention under Florida law the claimant must allege: (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation of injury by virtue of the breach. *See Roberson v. Duval County School Bd.*, 618 So. 2d 360, 362 (Fla. Dist. Ct. App. 1993). Pursuant to FLA. STAT. §760.50, a person with HIV is entitled to the same protections as a disabled person, and discrimination on the basis of a person's HIV positive status in employment, housing, public accommodations, or governmental services is prohibited. FLA. STAT. § 760.50(3) and (4).

According to FLA. STAT. § 768.28(6), an "action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency." FLA. STAT. § 768.28(6)(a). Notice to the agency and written denial of the claim are "conditions precedent to maintaining an action." FLA. STAT. § 768.28(6)(b). Florida courts strictly construe this notice requirement and a claimant must allege in the complaint that he complied with the notice provisions of FLA. STAT. § 768.28(6). *Levine v. Dade County School Bd.*, 442 So. 2d 210, 212-13 (Fla. 1983). When a claimant fails to allege compliance with notice provisions, the complaint should be dismissed without prejudice and the plaintiff should be allowed leave to amend. *Commercial Carrier Corp. v. Indian River County*, 371 So. 2d 1010, 1022-23 (Fla. 1979); *see also Hattaway v. McMillian*, 903 F.2d 1440, 1447 (11th Cir. 1990).

As to Claim 1, we conclude as a matter of law, police officers do not owe a duty to protect individuals, absent a special relationship with the victim, but rather owe a duty to the entire community. *Lewis*, 260 F.3d at 1266. Therefore, Claim 1 fails because no duty was owed to Albra to investigate his criminal claim, and Albra did not allege that any special relationship existed between him and the police department. Nevertheless, even if there was a duty, Claim 1 would fail

because the decision of whether to enforce laws by investigating a criminal complaint is a discretionary decision, which is immune from challenge. Further, as to Claim 2, because no duty existed to investigate Albra's claim, we conclude that the City did not breach a duty to supervise the officers during an investigation.

As to Claim 7, we conclude from the record that the City owed a duty to Albra not to discriminate against him because of his HIV status. Given that the duty not to discriminate against HIV positive persons is codified, the duty is operational, and a plaintiff may sue a municipality for violating FLA. STAT. § 760.50. Albra, however, failed to allege in his complaint that he had complied with the notice provisions of FLA. STAT. § 768.28(6). Therefore, his suit is barred by sovereign immunity because notice to the municipality is a condition precedent to bringing a lawsuit, and the district court properly dismissed the complaint.

### II.  Claim 3 and Part of Claim 4 – 42 U.S.C. § 1983

A plaintiff alleging a 42 U.S.C. § 1983 violation must prove "that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* The police officers and other City employees in

this case were all acting under color of state law, given that they were acting in their capacity as employees of the City. Therefore, it is left to be determined whether Albra was deprived of a constitutional or statutory right. *See Griffin*, 261 F.3d at 1303. Albra alleged that his rights were violated under the ADA and Rehabilitation Act, that the City negligently trained the police officers, and that the City conspired with its employees to violate his rights.

### *ADA*

Pursuant to the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A disability under the ADA is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The Supreme Court has declined to address whether an HIV infection is a *per se* disability under the ADA, but has held that HIV could be considered a disability in some cases. *Bragdon v. Abbott*, 524 U.S. 624, 641-42, 118 S. Ct. 2196, 2206-07, 141 L. Ed. 2d 540 (1998).

The record here demonstrates that Albra did not allege a *prima facie* case

8

under the ADA.  First, he failed to allege that he was disabled under the ADA's

definition of disability and, therefore, failed to allege the first prong of a *prima*

*facie* case for deprivation of a right under the ADA.  Second, Albra was not denied

public benefits because the City did not have a duty to investigate his claim.

Albra's claim also fails because he does not allege nor does he provide any facts

from which we might infer that the officers knew of his HIV status.  Thus, Albra

failed to establish any causal connection between the officers' refusal to investigate

his claim and his illness.  Accordingly, we conclude that Albra failed to state a

discrimination claim under the ADA.

### *Rehabilitation Act*

Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified

individual with a disability in the United States . . . shall, solely by reason of her or

his disability, be excluded from the participation in, be denied the benefits of, or be

subjected to discrimination under any program or activity receiving Federal

financial assistance."  29 U.S.C. § 794(a).  The Rehabilitation Act defines

"disability" as a "physical or mental impairment that constitutes or results in a

substantial impediment to employment" or "a physical or mental impairment that

substantially limits one or more major life activities."  29 U.S.C. § 705(9).

The record here demonstrates that Albra failed to plead a proper claim under

9

the Rehabilitation Act. First, just as Albra failed to show that he was disabled under the ADA, he also failed to show that he was disabled under the Rehabilitation Act. Second, Albra failed to allege that any of the City employees knew that he was HIV positive and that he was denied services because of his HIV status. Because Albra failed to allege one or more prongs of a *prima facie* case under the Rehabilitation Act, he did not allege a claim under the Rehabilitation Act.

### *Negligent Training*

Municipal liability may be

> based on a claim of inadequate training where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants such that the failure to train can be properly thought of as a city policy or custom that is actionable under § 1983.

*Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489-90 (11th Cir. 1997) (quotations omitted). A "policy" is an officially adopted decision of the municipality, or a decision of a municipal officer of such a rank that he may be said to be acting on the municipality's behalf. *Id.* at 489. "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* Deliberate indifference is exhibited when a "municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to

10

take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Unless a plaintiff shows that the municipality had notice of the need to train, the plaintiff has not shown deliberate indifference. *Id.* at 1351. Furthermore, vague and conclusory allegations in a complaint without specific factual support are insufficient to support a civil rights complaint because such complaints are held to a higher pleading standard, and unsupported conclusions of law do not meet that standard. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).

Here, we conclude that Albra's claim fails. First, Albra failed to allege in Claim 3 that the City knew of a need to train its employees in processing citizen complaints.[1] Second, although Albra alleged that police officers had a custom of refusing to investigate claims, Albra did not provide any factual support to suggest that department officials or the City was on notice of this custom. Further, Albra's complaint contains only conclusions of law without any factual support and, therefore, does not meet the higher pleading standard for a civil rights complaint and fails to state a proper claim for negligent training.

---

[1] Albra did allege in Claim 2, however, that the City was on notice that it had negligently trained its police officers. (*See* R1-24 at 5). Nevertheless, this vague allegation did not meet the higher pleading standard for a civil rights complaint and should not serve to meet the first prong of a *prima facie* case for negligent training. *See GJR Invs., Inc.*, 132 F.3d at 1367; *Gonzalez*, 325 F.3d at 1235; *Gold*, 151 F.3d at 1350-51.

***Conspiracy***

To establish a prima facie case of conspiracy under 42 U.S.C. § 1983, the plaintiff must allege, among other things, that the defendants "reached an understanding to violate his rights." *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation and alteration omitted) (in a summary judgment context). "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of agreement between the defendants." *Id.* at 1283-84 (quotations and citation omitted). To allege a conspiracy, a plaintiff must make "particularized allegations" that are more than vague or conclusory. *GJR Inv., Inc.*, 132 F.3d at 1370; *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

Under the doctrine of intracorporate conspiracy, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves" because a corporation and its employees are considered to be "a single legal actor." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). The intracorporate conspiracy doctrine also applies to public, governmental entities. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000).

The record demonstrates that Albra failed to state a claim of conspiracy in

his complaint. First, Albra failed to allege that any City employee agreed to violate his rights, thus failing to allege a *prima facie* case of conspiracy. Second, Albra only made vague allegations that a conspiracy existed and failed to include any details about the alleged conspiracy. Third, the intracorporate conspiracy doctrine applies to the City and bars Albra's conspiracy claim. Accordingly, the district court properly dismissed the claim.

Because Albra failed to allege any proper ADA, Rehabilitation Act, negligent training, or conspiracy claim, his 42 U.S.C. § 1983 claim fails, and the district court did not err in dismissing Claim 3 or the part of Claim 4 addressing conspiracy.

### III. Claims 4 and 5 – Retaliation under the ADA and Rehabilitation Act

The ADA states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show that (1) he participated in a statutorily protected activity or expression; (2) he suffered an adverse action; and (3) the adverse action was related to the protected activity. *Shotz v. City of Plantation,*

13

*Fla.*, 344 F.3d 1161, 1180 (11th Cir. 2003). Not every unkind action is sufficiently adverse. *Id.* at 1181. Rather, "an ADA plaintiff must demonstrate that a reasonable person in his position would view the action in question as adverse." *Id.* (quotation and alteration omitted).

The anti-discrimination provision of the Rehabilitation Act incorporates the anti-retaliation provision of the ADA. 29 U.S.C. § 794(a) and (d); 42 U.S.C. § 12203(a). Therefore, the *prima facie* case for retaliation under the Rehabilitation Act is the same as that under the ADA. *See Holbrook v. City of Alpharetta, Georgia.*, 112 F.3d 1522, 1526 n.2 (11th Cir. 1997) (stating that ADA discrimination law applies to the Rehabilitation Act).

We conclude from the record that Albra failed to allege a proper retaliation claim. First, he failed to allege that he had engaged in a protected activity, thus failing the first prong of a *prima facie* case. Second, these alleged retaliatory actions seem wholly unrelated to any action Albra may have taken in opposition to allegedly unlawful actions on the part of the City. Accordingly, Albra failed to state a claim for retaliation under the ADA or the Rehabilitation Act, and the district court did not err by dismissing this claim.

### *IV. Claim 6 – 28 U.S.C. § 1343*

The statutory language of 28 U.S.C. § 1343 sets out the jurisdiction of

district courts in civil actions.  28 U.S.C. § 1343(a).  To determine whether 28 U.S.C. § 1343 creates a private right of action, the primary inquiry is Congress's intent when enacting the statute.  *Thompson v. Thompson*, 484 U.S. 174, 179, 108 S. Ct. 513, 516, 98 L. Ed. 2d 512 (1988).  The Supreme Court has stated that the four-part test created in *Cort v. Ash*, 422 U.S. 66, 78, 95 S. Ct. 2080, 2088, 45 L. Ed. 2d 26 (1975), may be used as a guide to determining Congress's intent. *Thompson*, 484 U.S. at 179, 108 S.  Ct. at 516.  The *Cort* factors are:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted – that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 722 (11th Cir. 2002) (quotation omitted). "The bar for showing legislative intent is high." *Id.* at 723.

Applying the *Cort* factors, we conclude that 28 U.S.C. § 1343 does not create a private right of action, and Albra's claim pursuant to the statute failed to state a claim.  Accordingly, the district court did not err by dismissing this claim.

### Conclusion

After reviewing the record and the parties' briefs, we discern no error in the

15

district court's dismissal without prejudice of Albra's complaint for failure to state a claim. Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**