[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10571
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00173-RWS

THOMAS FRANKLIN WOODY,

                                                    Plaintiff-Appellant,

versus

SHERIFF STEVE CRONIC,
Hall County Sheriff,
LT. SEYMORE,
SGT. UNDERWOOD,
OFFICER LUNDIS,
DR. LINWOOD ZOLLER, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 1, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Thomas Franklin Woody, a federal prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal, under 28 U.S.C. § 1915A, of his civil rights action, which he brought pursuant to 42 U.S.C. § 1983. Woody argues that the defendants, various officers at the Hall County jail, were deliberately indifferent to his serious medical needs, despite his worsening condition, following an attack by a fellow inmate. He maintains that the Hall County Jail is a state-governed institution with procedures in place to protect the rights of individuals in its care and custody from abuse and neglect, and thus, it and its' medical personnel had a legal obligation to ensure his receipt of emergency medical treatment. He claims that neither Officer Lundis, Hall County, nor any of the other officers took any action to protect him from the assault or the threat of a future attack by inmate Edwards, despite their knowledge of Edwards's violent tendencies. He argues that Lt. Seymore and Sgt. Underwood were deliberately indifferent to his safety because they failed to disclose the assault to their superiors and to take any immediate disciplinary action against Edwards.

A civil complaint filed by a prisoner seeking redress from a governmental entity or an employee or officer of a governmental entity is reviewed under § 1915A, and may be dismissed if the complaint is "frivolous, malicious, or fails

to state a claim upon which relief can be granted." 28 U.S.C. § 1915A(a), (b)(1). A plaintiff fails to state a claim when it is beyond doubt that he can prove no set of facts in support of his claims that would entitle him to relief. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L.Ed. 2d 628 (1989). "We review a district court's *sua sponte* dismissal . . .for failure to state a claim for relief under § 1915A(b)(1) *de novo*." *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003). In reviewing such a complaint, we accept the allegations of the complaint as true and construe the *pro se* complaint liberally. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (reviewing dismissal of a complaint under 28 U.S.C. § 1915(g)).

To state a cause of action under § 1983, a plaintiff must (1) allege an act or omission that deprived him of a Constitutional right, privilege or immunity and (2) show that the act or omission was committed by "a person acting under color of state law." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Because Woody was a pretrial detainee at the time he filed his complaint, his claims were not governed by the Eighth Amendment but by the Fourteenth Amendment. *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). However, "[t]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth

3

Amendments." *Id.*

I. **Sheriff Cronic and Hall County**

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. In order to be liable, the claimant must show that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Municipalities may not be held liable for acts of their employees under the doctrine of *respondeat superior*. *Monell v. Dept. of Soc. Serv. of the City of New York,* 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L.Ed 2d 611 (1978). Further, municipalities may be held liable under § 1983 only if the plaintiff shows that    (1) the moving force behind the constitutional violation was a municipality custom or policy or (2) the constitutional violation occurred because the municipality evidenced deliberate indifference by failing to adequately train its employees. *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (internal quotation marks and citations omitted).

We conclude from the record here that the district court did not err in dismissing the complaint against Sheriff Cronic and Hall County. Although

Woody names both Sheriff Cronic and Hall County in his complaint, he fails to set forth any specific acts by either of them or any customs or policies of the Sheriff or the County which affected the alleged constitutional violations. Further, Woody failed to state a claim because he argues only that the County should be liable because its employees engaged in allegedly unconstitutional acts. He failed to show that their acts were based on a municipality custom or policy or that the municipality failed to adequately train its employees. Thus, the district court correctly concluded that Woody failed to state a claim against the Sheriff and Hall County.

## II. Lt. Seymore, Sgt. Underwood, Officer Lundis, and Dr. Zoller

### A. *Medical Indifference*

If the complaint seeks relief for the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). The deprivation of medical attention claim requires that the prisoner demonstrate (1) "an objectively serious medical need," so grave that, " if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely

accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks, alterations and citations omitted). "[A] serious medical need is . . . one . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). To demonstrate subjective deliberate indifference, the prisoner must show that the officials (1) knew of the risk of serious harm; (2) disregarded that risk; and (3) acted with more than just mere negligence. *Id.* at 1245. Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Further, the question of whether an inmate should have received different diagnostic tests or treatments is not an appropriate basis for Fourteenth Amendment liability. *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

Although Woody alleges delay in his treatment, he fails to show deliberate indifference by the officers, Dr. Zoller, or the County. Despite Woody's complaint that Lundis did not seek medical treatment for him, there is nothing in

the record that indicates that Lundis was aware that Woody needed medical treatment at that time or at any time thereafter. Woody described feeling "acute pain" the next day and an observable "knot" on his head, but Lundis was not available and Woody subsequently advised two other officers of the pain. Dr. Zoller examined Woody twice, and subsequently provided him with medication, a cervical collar, and x-rays.

Woody failed to allege any "objectively serious medical condition" which would have alerted the officers or Dr. Zoller to his immediate need for medication or treatment. Woody did not explain how his condition worsened during the delay, or contend that he suffered any permanent damage as a result of the delay. Because Woody's complaint is limited to the method of treatment and the delay in the delivery of that treatment, he has failed to show that Officer Lundis or Dr. Zoller exhibited deliberate indifference to his condition. *See Hamm*, 774 F.2d at 1575. The district court did not err in dismissing his complaint for his failure to state a claim as to Lundis or Zoller regarding their failure to attend promptly to his medical needs.

B. *Failure to charge or discipline and blocking efforts to report the assault*

Although "a private citizen lacks a judicially cognizable interest in the prosecution . . . of another," private citizens have the right to inform law

enforcement officers of violations of the  law.  *Leeke v. Timmerman*, 454 U.S. 83, 85-86, 102 S.Ct. 69, 70, 70 L.Ed.2d 65 (1982) (internal quotation marks omitted). *In re Quarles*, 158 U.S. 532, 535-36, 15 S. Ct. 959, 960-61, 39 L. Ed. 1080 (1895). Such violations of the law may occur within a correctional setting and "[p]rison officials must be free to take appropriate action to ensure the safety of inmates . . .." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L. Ed. 2d 447 (1979).

We conclude from the record that Woody had no justiciable right in the prosecution of Edwards and therefore cannot state a claim based on the officers' failure to prosecute or discipline Edwards.  He did, however, exercise his right to inform the officers of the assault.  Officials provided Woody with a grievance form and he was able to report the incident.  Because Woody subsequently filed a grievance against Edwards, the officers did not prevent him from reporting the assault.  Thus, we conclude that the district court did not err in finding that Woody failed to state a claim against Lundis, Seymore, and Underwood.

C.  *Failure to Protect*

"Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (internal quotation marks, alternations omitted).  "It is not, however, every injury

8

suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* (internal quotation marks omitted). As with a medical condition, a constitutional violation occurs when (1) the officers were aware of "a substantial risk of serious harm" and (2) did "not respond reasonably." *Id.* (internal quotation marks and alterations omitted).

There is nothing in the record that indicates that the defendants were aware, prior to the attack, of Edwards's propensity toward violence as a result of the delay in his medication. Woody did not allege that Lundis had any prior knowledge of either the possibility of an attack, the grounds for the attack, or the delay in the delivery of Edwards's medication. Following the attack and the officers' awareness of Edwards's threats to Woody, we conclude that they responded reasonably. Woody acknowledged that they made efforts to protect him from further assaults. The district court did not err in finding that Woody had failed to state a claim for failure to protect against Lundis, Seymore and Underwood.

Because we conclude from the record that the district court did not err in finding that Woody failed to state a claim against any of the parties, we affirm the judgment of dismissal.

9

**AFFIRMED.**