[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

No. 11-13459
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00329-WS-N


JANE DOE,
a minor child, by and through her mother
and next friend, Mary Doe,

                                    Plaintiff - Appellant,

                versus

DEMOPOLIS, CITY OF,

                                    Defendant - Appellee,

TERRANCE SMITH,
individually and in his official capacity,

                                    Defendant.
_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 20, 2012)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jane Doe, by and through her mother and next friend, appeals the district court's grant of summary judgment in favor of the City of Demopolis, Alabama, on her 42 U.S.C. § 1983 claim that the City violated her Fourteenth Amendment right to due process by failing to train one of its police officers not to commit statutory rape.

## I.

Demopolis Police Officer Terrance Smith had sex on three different occasions with Doe when she was 13 years old. The principal of Doe's school discovered that sexual misconduct and reported it to Demopolis Police Chief Jeff Manuel, who fired Smith. Smith was eventually convicted of two counts of second degree rape. See Ala. Code § 13A-6-62 (prohibiting sexual intercourse "with a member of the opposite sex less than 16 and more than 12 years old [if] the actor is at least two years older than the member of the opposite sex").

Doe sued the City and Smith in federal district court, asserting a 42 U.S.C. § 1983 claim that the City violated the Fourteenth Amendment by failing to train Smith so that he would not commit statutory rape, and a similar failure-to-train claim under Ala. Code § 11-47-190. She also asserted state law assault, battery,

and invasion of privacy claims against Smith. The City moved for summary judgment on the Ala. Code § 11-47-190 and 42 U.S.C. § 1983 claims, which the district court granted. The court found that Alabama does not recognize municipal liability for failure to train under Ala. Code § 11-47-190 and that there was no genuine issue of material fact whether the City was deliberately indifferent to Doe's rights. This is Doe's appeal.

## II.

Doe contends that the district court erred in granting summary judgment in favor of the City on her § 1983 claim.[1] We review de novo the grant of summary judgment and draw "all inferences and review[] all evidence in the light most favorable to the non-moving party." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). "Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment of a matter of law." Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1308 (11th Cir. 2007) (quotation marks omitted) (citing Fed.

---

[1]Doe makes only passing reference to her Ala. Code § 11-47-190 claim in her opening brief and has therefore waived any argument that the district court erred in granting summary judgment on that claim. See United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011) ("A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate." (alteration and quotation marks omitted)).

3

R. Civ. P. 56(a)).

Section 1983 subjects to liability any "person who, under color of [state law] . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A city is liable under § 1983 if the city's "custom" or "policy" was the "moving force" or cause of the deprivation of the plaintiff's rights. See Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (quotation marks omitted). A city's failure to train a police officer can be properly thought of as the city's policy or custom in "limited circumstances." City of Canton, Ohio v. Harris, 489 U.S. 378, 387, 109 S.Ct. 1197, 1204 (1989). Those limited circumstances are when a city's failure to train shows a "deliberate indifference to the rights of its inhabitants." Sewell, 117 F.3d at 489–90 (alteration and quotation marks omitted). "To establish a city's deliberate indifference, a plaintiff must present some evidence that the municipality knew of a need to train . . . in a particular area and the municipality made a deliberate choice not to take any action." Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1293 (11th Cir. 2009) (quotation marks omitted).

If the impropriety of an action "is obvious to all without training," a failure to train a police officer to refrain from taking that action will usually not show

4

deliberate indifference.  Sewell, 117 F.3d at 490.  So a city may "rely on the common sense of its [police officers] not to engage in . . . criminal conduct," but "a pattern of known misconduct . . . may be sufficient to change reasonable reliance [on common sense] into deliberate indifference."  Floyd v. Waiters, 133 F.3d 786, 796 (11th Cir. 1998), vacated on other grounds by 525 U.S. 802, 119 S.Ct. 33 (1998), reinstated by 171 F.3d 1264 (11th Cir. 1999).

The City was entitled to rely on Smith's common sense not to commit statutory rape, so its alleged failure to train him not to commit statutory rape does not show deliberate indifference to the rights of its inhabitants.  See Floyd, 133 F.3d at 796 (holding that a board of education was "entitled to rely on the common sense of its" security guards not to sexually harass and rape underage girls); Sewell, 117 F.3d at 490 (holding that it is obvious that a police officer should not "barter arrests for sexual favors").  The only evidence tending to show that the city knew that Smith or other officers were committing statutory rape is:  (1) Police Chief Manual's deposition testimony that he had hear rumors of officers, including Smith, "engaging in sexually inappropriate conduct . . . [but] not necessarily [with] underaged people"; and (2) Manuel's statements at a meeting at least four years before Smith began having sex with Doe that Manuel had "heard guys [were] messing with underaged girls," and if any officers were doing that, they should

5

"stop it." Viewed in the light most favorable to Doe, those two pieces of evidence do not show that the City actually was aware of a pattern of its officers committing statutory rape and was deliberately indifferent to it by failing to train the officers not to do so. See Floyd, 133 F.3d at 796. The district court did not err in granting summary judgment in favor of the City on Doe's § 1983 claim.

**AFFIRMED.**