[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12924
Non-Argument Calendar

_____

D.C. Docket No. 9:19-cv-80158-KAM

JOSEPH VIERA,
LYNN DEMCHAK VIERA,
C D V,
a minor,

                                                        Plaintiffs - Appellants,

versus

CITY OF LAKE WORTH, FLORIDA,
GLEN J. TORCIVIA,
in both professional and personal capacities,
MATTHEW RANSDELL,
in both professional and personal capacities,
JONATHAN E. O CONNELL,
in both professional and personal capacities,
LISA M. FEDYNYSHYN CONFORTI,
in both professional and personal capacities,
TORCIVIA, DONLON, GODDEAU & ANSAY, P.A.,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 2, 2021)

Before WILSON, JILL PRYOR and LUCK, Circuit Judges.

PER CURIAM:

I.

Joseph Viera was a police officer with the City of Lake Worth, Florida (City), until he suffered two on-duty injuries that resulted in his permanent disability and retirement. Viera filed a claim for workers' compensation, and the parties settled. After the settlement, Viera sued the City in state court, alleging that the City failed to pay his insurance premiums. He also sought a judgment ordering the City to pay for his future insurance coverage. Torcivia, Donlon, Goddeau & Ansay, P.A. (Law Firm) represented the City. Lisa M. Fedynyshyn-Conforti, Johnathan E. O'Connell, and Matthew Ransdell are lawyers in the Law Firm. Torcivia and Fedynyshyn-Conforti acted as City Attorney and Assistant City Attorney, respectively. They, along with O'Connell and Ransdell, filed a pleading containing unredacted documents with Viera's private personal information on the court's website which was available to the general public. Viera, Lynne Demchak-Viera (his wife), and C. D-V (their minor child) (collectively, Vieras) then filed

this case in federal court against (1) the City; (2) Torcivia, Fedynyshyn-Conforti, O'Connell, and Ransdell; and (3) the Law Firm, alleging that the wrongful disclosure of their personal and confidential information resulted in a violation of their rights afforded under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.[1]

After four amended complaints, the district court dismissed the Vieras' § 1983 claim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, pointing to four pleading deficiencies: First, the claim did not properly allege that the City had a policy or widespread practice in violation of individuals' constitutional rights. Second, the claim failed to establish that Torcivia and Fedynyshyn-Conforti were final policymakers for the purpose of imposing § 1983 liability on the City. Third, the Vieras did not set out how the private attorneys were state actors. And fourth, the Vieras did not adequately plead a violation of their constitutional rights. We agree with the district court in all respects.

## II.

We review de novo a district court's dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Ironworkers*

---

[1] Since the other counts of their complaint rest on Florida law, the court dismissed those claims without prejudice to allow the Vieras to pursue those claims in state court.

*Local Union 68 v. AstraZeneca Pharms., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011). A complaint must contain sufficient factual matter, which we accept as true, to state a claim for relief that is plausible on its face. *Id.* "[C]onclusory allegations" of a city or official "creat[ing] and implement[ing] a scheme" are insufficient to survive a motion to dismiss." *McCullough v. Finley*, 907 F.3d 1324, 1334 (11th Cir. 2018).

In order to prevail on a § 1983 claim, a claimant must allege that the defendant deprived him of a constitutional or federal right, and that such a deprivation occurred "under color of state law." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).

## A.

First, we agree with the district court that the Vieras' complaint does not show that the City has a policy or widespread practice of disclosing employees' personal information. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). Section 1983 claimants can also demonstrate the existence of a policy by pointing to "a widespread practice that, although not authorized by law or express municipal policy, is so permanent and well settled as to constitute a custom or usage without the force of law." *Brown v. City of Fort*

4

*Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (internal quotation marks omitted). Such widespread practice must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Under the narrower theory of inadequate training or supervision, § 1983 liability against a municipality requires that the municipality knew of a specific training need and made a deliberate choice not to take action. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Merely showing that additional training would have been beneficial is insufficient. *Connick v. Thompson*, 563 U.S. 51, 68 (2011). The lack of training must be the "moving force" that actually caused the alleged constitutional deprivations. *City of Canton*, 489 U.S. at 379, 389.

The Vieras have not shown that the City has a policy of disclosing employees' personal information. The only allegations that contain factual details are those surrounding Viera's own incident. Otherwise, the allegations are conclusory and unsubstantiated—offering no supporting facts such as when the alleged disclosures were made or what type of personal information was disclosed.

Moreover, the Vieras allege only that the City had the duty to train or effectively manage the confidential information of current and former law-enforcement officers. The Vieras do not specify that the City knew of such a need. Nor do they point to any evidence that the City made a deliberate choice to not

5

take action.  Because the Vieras offer only conclusory allegations and no supporting facts, we cannot find that they have sufficiently alleged the existence of a policy or widespread practice.

B.

Second, we find that the Vieras' complaint fails to establish that Torcivia and Fedynyshyn-Conforti were final policymakers for the purpose of imposing § 1983 liability on the City.  A municipality can be held liable for constitutional violations by policymakers when those policymakers possess "final authority to establish municipal policy with respect to the action ordered."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).  Policymaking authority for the purposes of § 1983 is determined by "the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law."  *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (internal quotation marks omitted).

The Vieras fail to allege sufficient facts establishing that Torcivia and Fedynyshyn-Conforti were the City's final policymakers in this instance.  The City's charter provides that "[t]here shall be a city commission, with all legislative powers of the city vested therein, consisting of five (5) members who shall be electors of the city, and who shall be elected by the city-at-large."  City of Lake Worth, Fla., Ordinances art. I, § 4.  There is nothing in local or state law that tells us a city attorney is a policymaker.  And the Vieras point to no caselaw suggesting

6

such notion.  Consequently, we find that Torcivia and Fedynyshyn-Conforti are not final policymakers, and the City cannot be held liable for decisionmaking by the attorneys that might have resulted in the deprivation of Vieras' constitutional rights.

C.

Third, the Vieras did not set out in their pleadings how Torcivia and Fedynyshyn-Conforti were state actors.  To prevail on a § 1983 claim, a claimant must allege that the defendant deprived them of a constitutional or federal right, and that such a deprivation occurred "under color of state law."  *Patrick*, 201 F.3d at 1315.

> Florida's Public Records Act defines a public agency as
>
> > any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including . . . the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.

Fla. Stat. § 119.011(2).  A private corporation does not act "on behalf of" a public agency merely by entering into a contract to provide services to the agency.  *News & Sun-Sentinel Co. v. Schwab, Twitty & Hanover Architectural Grp.*, 596 So. 2d

1029, 1031–32 (Fla. 1992). Instead, courts look at several factors to determine

when a private agency or person acts on behalf of a public agency.[2] *Id.* at 1031.

Torcivia and Fedynyshyn-Conforti are private attorneys working for the

private Law Firm. The City merely hired the Law Firm. The Vieras even admit in

their complaint that Torcivia and Fedynyshyn-Conforti were employed by the Law

Firm—not the City. Additionally, Florida's Public Records act does not provide a

legal basis for the Vieras' § 1983 claim. The Vieras have not pled sufficient facts

to show that Torcivia and Fedynyshyn-Conforti fall under the statute's definition

of "agency." They do not engage in an analysis of the nine factors used to

determine whether private individuals are acting on behalf of a state agency.

## D.

Finally, we conclude that the Vieras did not plead a constitutional violation.

In order for state conduct to violate due process, it must be "arbitrary" or

"conscience shocking." *Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ.*, 229 F.3d

1069, 1074 (11th Cir. 2000). The Due Process Clause "does not transform every

---

[2] These factors include: (1) the level of public funding; (2) commingling of funds; (3) whether the activity was conducted on publicly owned property; (4) whether the contracted services are an integral part of the public agency's decisionmaking process; (5) whether the private entity is performing a government function or a function which the public agency would otherwise perform; (6) the extent of the public agency's involvement with, regulation of, or control over the private entity; (7) whether the private entity was created by the public agency; (8) whether the public agency has a substantial financial interest in the private entity; and (9) for whom the private entity is functioning. *News & Sun-Sentinel Co.*, 596 So. 2d at 1031.

tort committed by a state actor into a constitutional violation." *Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989).

The Vieras' complaint only includes a conclusory allegation "that the actions of [the City, Torcivia, and Fedynyshyn-Conforti] . . . establish, through direct evidence, a clear custom, policy, and procedure of violating statutory and constitutionally protected rights of [the Vieras]." Without pointing to anything more that would shock the conscience, the Vieras fail to demonstrate a plausible constitutional violation.

In sum, the Vieras' fourth amended complaint fails to contain sufficient factual allegations to support their 42 U.S.C. § 1983 claim. Accordingly, we affirm the district court's dismissal of that claim with prejudice.

**AFFIRMED.**